UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRIAN FARIA AND MELISSA FARIA : | |
| Individually and as Parents of : | |
| M.F. AND R.F. : | |
| : | |
| VS. : | C.A. NO.:  13-0484-M-LDA |
| : | |
| HARLEYSVILLE WORCESTER : | |
| INSURANCE COMPANY : | |

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM THE DEFENSE EXPERT KERRY ALVINO

Now come the plaintiffs in the above-entitled matter and respectfully move this Honorable Court to grant an order striking the Defendant's expert, Kerry Alvino.  The Defense expert's reconstruction lacks any scientific analysis that could aid the trier of fact with any issue in this case and amounts to pure personal opinions, observations do not meet the reliability requirements of Daubert.

The Supreme Court asserted in Daubert that trial courts perform a gatekeeping role in regulating the admission of expert testimony under Fed. R. Evid. 702. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579,at 589-95 (1993).   That screening function entails a preliminary evaluation of the proffered expert testimony for both reliability and relevance. See Daubert, 509 U.S. at 591-595; Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 80 (1st Cir. 1998) (*citing* Daubert). The review for reliability encompasses an assessment of "whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert, 509 U.S. at

592-93. As to the relevancy criterion, "expert testimony must be relevant not only in the sense that all evidence must be relevant, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." Ruiz-Troche, 161 F.3d at 81 (citation omitted) (*citing* Daubert, 509 U.S. at 591-92).

   Kerry Alvino's reconstruction is based on her review of materials provided to her by defense counsel and based her conclusions entirely on her interpretation of the facts and statements contained in those materials.  Alvino's conclusions and opinions are not the result of any particular scientific methodology, nor are they based on any unique knowledge or expertise.  As such Alvino's opinions and conclusions lack the reliability required by Daubert and provide no assistance to the jury in assessing the evidence as presented.

   WHEREFORE, the Plaintiffs respectfully request this court to grant their motion in limine to prohibit the defense from calling Ms. Alvino to testify.

Plaintiffs,
By Counsel,

/s/ Brian N. Goldberg, Esq.
Brian N. Goldberg, Esq.
Attorney # 7585
McKinnon & Harwood, LLC
1168 Newport Avenue
Pawtucket  RI  02861
(401) 723-9655
bng@mckinnonharwood.com

### **CERTIFICATION**

   I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.  The document is available for viewing and downloading through the system

/s/ Brian N. Goldberg, Esq.
Brian N. Goldberg, Esq. #7585