UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN FARIA and MELISSA FARIA,
Individually and as Parents of M.F. and R.F,
Plaintiffs,

v.

HARLEYSVILLE WORCESTER
INSURANCE COMPANY,
Defendant.

C. A. No.: 13-0484-M-LDA

## ORDER

The parties have filed the following 11 pre-trial motions; 5 motions by the Defendant and 6 motions by the Plaintiffs.

1. Defendant's Motions:

    a. Motion to Sever or Bifurcate (ECF No. 44);
    b. First Motion in Limine regarding the existence of another vehicle (ECF No. 45-1);
    c. Second Motion in Limine to Exclude handwritten statement (ECF No. 45-2);
    d. Third Motion in Limine to Exclude evidence of insurance (ECF No. 45-3); and
    e. Fourth Motion in Limine to Exclude family photographs (ECF No. 45-4).

2. Plaintiffs' Motions:

    a. Motion in Limine to Exclude second 911 Call (ECF No. 46);
    b. Motion in Limine to Exclude witness Jonathan Puliafico (ECF No. 47);
    c. Motion in Limine to Exclude the terms "ghost vehicle" or "phantom vehicle" (ECF No. 48);
    d. Motion in Limine to Exclude Defendant's expert Kerry Alvino (ECF No. 49);
    e. Motion in Limine to Exclude Plaintiff's prior convictions (ECF No. 50); and
    f. Motion in Limine to Exclude evidence of citations and pills found in Plaintiff's car (ECF No. 51).

The Court will deal with each motion seriatim.

1. **Defendant's Motion to Sever or Bifurcate Bad Faith Claim (ECF No. 44.)**

The Court declines to sever the bad faith claim from the underlying contract claim because it would not be a good use of judicial resources and would involve too much potential duplication. In order to ensure that there is no prejudice to the Defendant, the Court will bifurcate the trial such that the jury will first determine whether there is a breach, and if so, an award of damages. If there is a verdict for the Plaintiff, the jury will then hear evidence on the bad faith claim, determine liability, and damages for that claim if appropriate. Defendant's Motion (ECF No. 44) is GRANTED IN PART AND DENIED IN PART.

2. **Defendant's First Motion in Limine – Oral statement about another vehicle (ECF No. 45-1.)**

While in the hospital after the auto collision, Melissa Faria, Plaintiff Brian Faria's wife, testified at deposition that he woke up and stated, "Somebody kind of entered his lane or cut him off." The existence of another vehicle is critical to Plaintiffs' claim and the Defendant refutes this contention. Plaintiffs' wife's statement is admissible as a prior consistent statement under Fed. R. Evid. 801(d)(1)(B) and therefore is not hearsay. All of the elements for the admission of a prior constant statement have been met, including that the statement was made when the Plaintiff woke up in the hospital shortly after the collision, and was made before the Plaintiff had a motive to fabricate. The Defendant's First Motion in Limine (ECF. No. 45-1) is DENIED.

3. **Defendant's Second Motion in Limine – Written statement about another vehicle (ECF No. 45-2)**

Defendant moves to exclude a written statement made by the Plaintiff to the police after the collision indicating that the collision occurred because of another vehicle entering his lane. Again, this is the crux of the dispute between the parties. For the same reason as stated above,

2

the statement written by the Plaintiff is admissible pursuant to Fed. R. Evid. 801(d)(1)(B) – a prior consistent statement. Defendant's Second Motion in Limine (ECF No. 45-2) is DENIED.

4. **Defendant's Third Motion in Limine – Existence of uninsured motorist insurance (ECF No. 45-3)**

Defendant asks this Court to bar any reference to the existence of uninsured motorist insurance in this breach of contract case (ECF No. 45-3) claiming that it is irrelevant and prejudicial. The Court disagrees. The legal claim in this case is that the Plaintiff alleges that his insurance carrier has breached its contract with him by refusing his claim for uninsured motorist coverage. The Court cannot conceive of how this case would be tried, or the jury able to understand its responsibility, without knowing that the case involves an insurance company's refusal to pay an uninsured motorist claim. If the Defendant wants a cautionary instruction during the course of the trial or an instruction at the end, then it should request one at the appropriate time. Defendant's Third Motion in Limine (ECF No. 45-3) is DENIED.

5. **Defendant's Fourth Motion in Limine – Family Photographs (ECF No. 45-4)**

Defendant asks this Court to exclude from evidence photographs of the Plaintiff spending time with his family (ECF No. 45-4) claiming they have no probative value and are unfairly prejudicial. The Court disagrees. Photographs of Plaintiff and his family could well be relevant on the issue of damages as well as Plaintiffs' loss of consortium claims.[1] Defendant's Fourth Motion in Limine (ECF No. 45-4) is DENIED.

6. **Plaintiffs' Motion in Limine – Second 911 call (ECF No. 46)**

On the day of the collision, someone placed a second call to 911. Plaintiff seeks to exclude this call claiming that it is irrelevant because it is unreliable, challenging the timing of

---

[1] Of course, the Court will review the actual photographs offered at the time to ensure they are not overly prejudicial or cumulative.

the call and substance of facts conveyed by the caller. The Plaintiff points to the following discrepancies: the caller stated a driver was driving on Route 95 SOUTH, but Mr. Faria was driving on 95 NORTH; the caller stated that a driver was near Exit 3B, but the collision occurred near Exit 6A; the caller described a station wagon, but Mr. Faria was driving a sedan. The Plaintiff has raised sufficient questions about whether the caller on the second 911 call was describing any of the vehicles involved in this collision. There does not appear to the Court, at this time, to be sufficient information from the call such that it can be linked to the car driven by Mr. Faria or to any relevant fact involved in this collision.

Unless and until there is evidence establishing the reliability of the second 911 call to this collision, the recoding will not be allowed into evidence. The Plaintiffs' Motion in Limine (ECF No. 46 ) is GRANTED.

7. **Plaintiffs' Motion in Limine – Exclude testimony of Jonathan Puliafico (ECF No. 47)**

Plaintiffs seek the exclusion of testimony of a witness for the defense, Jonathan Puliafico. Plaintiffs' challenges to Mr. Puliafico's testimony however, do not go to the admissibility of the testimony, but rather are fodder for cross-examination. There is nothing presented by the Plaintiffs that would cause the Court to exclude his testimony. The jury, after direct and cross-examination, can determine the credibility of this witness. The Plaintiffs' Motion in Limine (ECF No. 47) is DENIED.

8. **Plaintiffs' Motion in Limine – Exclude reference to "ghost or phantom vehicle" (ECF No. 48)**

The Plaintiffs ask this Court to prohibit the Defendant from referring to the vehicle that Mr. Faria alleges cut him off the road leading to his collision, as a "ghost vehicle" or "phantom vehicle." Such assertions may well be appropriate in closing argument (or even opening

statements), but they certainly have no role during the presentation of evidence. The Plaintiffs' Motion in Limine (ECF No. 48) is GRANTED.

9. **Plaintiffs' Motion in Limine – Exclude testimony of expert Kerry Alvino (ECF No. 49)**

Plaintiffs seek the exclusion of testimony of an expert witness for the defense, Kerry Alvino. Plaintiffs challenge Ms. Alvino's testimony claiming that it lacks reliability required by *Daubert*. Plaintiffs' objections do not go to the admissibility of her testimony, but rather are fodder for cross-examination. There is nothing presented by the Plaintiffs that would cause the Court to exclude her testimony. The jury, after direct and cross-examination, can determine the credibility of this witness. The Plaintiffs' Motion in Limine (ECF No. 49) is DENIED.

10. **Plaintiffs' Motion in Limine – Exclude Plaintiff's prior convictions (ECF No. 50)**

Plaintiff seeks to exclude the introduction of his prior convictions pursuant to Fed. R. Evid. 609. First, as to the convictions for crimes that are greater than ten years old, the Court cannot say that its "probative value . . . substantially outweighs its prejudicial effect" Fed. R. Evid. 609(b)(1) and therefore they are excluded. Second, as to the two convictions that are less than ten years old, the Court finds that they should be excluded under Fed. R. Evid. 403. One of the convictions involves driving with a suspended license and the other involves possession of a controlled substance. Neither of these issues is probative of the conduct in question in this case and would likely be unduly prejudicial to the Plaintiff. Therefore the convictions less than ten years old you also should be excluded. The Plaintiffs' Motion in Limine (ECF No. 50) is GRANTED.

11. **Plaintiffs' Motion in Limine – Exclude citation and pills found in car (ECF No. 51)**

Plaintiff seeks to exclude a citation that he received after the collision and pills found in his car at the time of the collision. On the charges of "Marked Lane Violation" the Plaintiff was found "Not Responsible" (ECF No. 57-2 at 4) and therefore those charges in the citation have no probative value and must be excluded if used by the Defendant. The charge of driving with a suspended license was "continued without a finding" and dismissed and therefore should be excluded (*Id.*). Finally as to the charge of possession of illegal drugs, the charge was "Filed" and dismissed (*Id.*). While the Defendant points out that a "filed" "*after a guilty verdict*" (emphasis added) under Rule 28(e) of the Massachusetts Rules of Civil Procedure does not represent a dismissal, the Court notes that the docket sheet specifically states that it is "w/o change of plea." The citation has little to no probative value in light of the disposition of the charges, and any probative value is outweighed by the prejudice to the Plaintiff. The Plaintiffs' Motion in Limine (ECF No. 51) is GRANTED.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

Date: May 5, 2015